UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HOSPITAL FOR SPECIAL CARE, | \* | |
| on assignment of Kelley Levine | \* | |
| | \* | |
| Plaintiff | \* | CIVIL ACTION NO. |
| v. | \* | |
| | \* | |
| MALLORY INDUSTRIES | \* | |
| INCORPORATED, | \* | |
| CREATIVE PLAN ADMINISTRATORS, | \* | |
| LLC, UNDERWRITING MANGEMENT | \* | |
| EXPERTS | \* | |
| Defendants | \* | FEBRUARY 18, 2021 |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Hospital for Special Care ("HFSC" or "Plaintiff") as assignee of the benefits of the subscribers identified below, by way of Complaint, alleges as follows:

### THE PARTIES

1. Plaintiff, HFSC, is a long-term acute care hospital licensed by the State of Connecticut and located at 2150 Corbin Avenue, New Britain, Connecticut.

2. Upon information and belief, the Defendant, Mallory Industries Incorporated ("Mallory" or collectively "Defendants") maintains its principal place of business at 33 Spring Lane, Farmington, Connecticut. At all relevant times herein, Mallory is a self-insured

employer and/or employee welfare benefit plan that provides healthcare benefits to its employee members ("The Plan").

3. Upon information and belief, the Defendant, Creative Plan Administrators, LLC ("CPA" or collectively "Defendants") maintains its principal place of business at 20 Western Boulevard, Glastonbury, Connecticut. At all relevant times, CPA manages, controls and/or administers the plan.

4. Upon information and belief, the Defendant, Underwriting Management Experts ("UME" or collectively "Defendants") maintains its corporate office at 900 Forty Foot Road, Lansdale, Pennsylvania and is engaged in significant activities in the State of Connecticut to sustain this Court's exercise of in personam jurisdiction. At all relevant times, UME manages, controls and/or administers a stop loss policy under the plan.

## ANATOMY OF THE CLAIM

5. This dispute arises from the Defendants refusal to reimburse the Plaintiff for the medically necessary and reasonable services provided to the Defendants' participant or insured, Kelley Levine ("Patient").

6. From February 22, 2019 through June 26, 2019, Plaintiff provided medically necessary and reasonable services to Patient. See Exhibit A attached hereto.

7. Plaintiff obtained an assignment of benefits from Patient, as part of the Admission Agreement, in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC § 1002, *et seq.* See Exhibit B attached hereto.

8. Pursuant to the Assignment of Benefits, Plaintiff prepared Health Insurance Claim Forms formally demanding reimbursement in the amount of Three Hundred and Two Thousand, One Hundred Ninety-Three ($302,193.00) Dollars from the Defendants for the medically necessary services rendered to the Patient. See Exhibit A attached hereto.

9. CPA denied payment of the claims based upon an "internal rule, guideline or protocol. See Exhibit C attached hereto.

10. Plaintiff, through Health Advocacy, engaged in the applicable administrative appeals process maintained by the Defendants.

11. UME denied payment of the claims for the Patient due to "specific wording in the contract". See Exhibit D attached hereto.

12. Plaintiff, through CPA and Patient Health Advocacy, engaged in the applicable administrative appeals process maintained by the Defendants.

13. UME further denied payment of the claims for the patient due to "non-disclosure of Ms. Levine's full medical condition and inpatient status." See Exhibit E attached hereto.

14. The Plaintiff further appealed the denial and has not received payment. See Exhibit F attached hereto.

MICHALIK, BAUER, SILVIA & CICCARILLO, LLP • ATTORNEYS AT LAW
35 PEARL STREET • SUITE 300 • NEW BRITAIN, CT 06051 • (860) 225-8403 • FAX: (860) 223-4026 • JURIS NO. 423817

15. Although Defendants have responded to the appeal, they have not reimbursed the Plaintiff in full.

16. Further, Plaintiff has repeatedly requested the parties participate in mediation to resolve the claim and the Defendants have either ignored the request or refused to participate in any meaningful discussion to resolve the claim.

17. Plaintiff contends that the medical services provided to Patient from February 22, 2019 through June 26, 2019 were medically necessary and reasonable and therefore, Defendants decision to deny same was wrongful.

18. Taking into account any known deductions, copayments and coinsurance, this resulted in a balance owed of Three Hundred and Two Thousand, One Hundred and Ninety-Three ($302,193.00) Dollars.

19. Accordingly, Plaintiff brings this action as an assignee of the rights and benefits assigned by the Patient, as part of the Admission Agreement, for recovery of the outstanding balance and Defendants' breach of fiduciary duty and co-fiduciary duty.

- 4 -

## FIRST COUNT

## FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER (ERISA 29 U.S.C. § 1132(a)(I)(B))

20. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth in full herein.

21. Plaintiff obtained an assignment of benefits from Patient, as part of the Admission Agreement, under which Plaintiff has standing to maintain this action.

22. Plaintiff avers this Count to the extent ERISA governs this dispute.

23. Section 502(a)(1), codified at 29 U.S.C. § 1132 (a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

24. Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

25. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA Plan and Policy.

26. Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

27. Defendants' decision to deny reimbursement was wrongful.

28. As a result, Plaintiff has been damaged and continues to suffer damages.

- 5 -

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. For an Order directing Defendants to pay to Plaintiff $302,193.00;

b. For an Order directing Defendants to pay to Plaintiff all the benefits Patient would be entitled to pursuant to the Plaintiff or policy issued by the Defendants;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

29. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-28 of this Complaint and incorporates same by reference hereto.

30. 29 U.S.C.§ 1132(a)(3)(B) provides a cause of action by a participant, beneficiary or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

31. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. §1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

32. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large looses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter, 29 U.S.C. §1104(a)(1).

33. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

34. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1)["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach

by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach 29 U.S.C. § 1105(a).

35. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

36. Here, Defendants breached its fiduciary duties by:

  a. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

  b. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

  c. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

  d. Wrongfully withholding money belonging to Plaintiff.

MICHALIK, BAUER, SILVIA & CICCARILLO, LLP • ATTORNEYS AT LAW
35 PEARL STREET • SUITE 300 • NEW BRITAIN, CT 06051 • (860) 225-8403 • FAX: (860) 223-4026 • JURIS NO. 423817

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a.     For an Order directing Defendants to pay to Plaintiff $302,193.00;

b.     For an Order directing Defendants to pay to Plaintiff all of the benefits Patient would be entitled to pursuant to the Plaintiff or policy issued by the Defendants;

f.     For compensatory damages and interest;

g.     For attorneys' fees and costs of suit; and

h.     For such other and further relief as the Court may deem just and equitable.

PLAINTIFF, HOSPITAL FOR SPECIAL CARE

BY: _____
Debrakaye A. Chevian
Fed. Bar #ct30352
Michalik, Bauer, Silvia & Ciccarillo LLP
35 Pearl Street, Suite 300
New Britain, CT 06051
Telephone: (860) 225-8403 x104
dchevian@mbsclawyers.com