UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOSPITAL FOR SPECIAL CARE )<br>*As subrogee of Kelley Levine* )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>MALLORY INDUSTRIES, INC.; )<br>CREATIVE PLAN ADMINISTRATORS, )<br>LLC; UNDERWRITING )<br>MANGAGEMENT EXPERTS, )<br>    *Defendants*. ) | 3:21-CV-00199 (SVN)<br><br><br><br><br><br>March 8, 2022 |

**DECISION AND ORDER ON CREATIVE PLAN ADMINISTRATORS, LLC'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Sarala V. Nagala, United States District Judge.

Hospital for Special Care ("Plaintiff") brings this action claiming that Defendants Mallory Industries, Inc. ("Mallory"), Creative Plan Administrators, LLC, ("CPA") and Underwriting Management Experts ("UME" and collectively, "Defendants") have failed to make payments to Plaintiff pursuant to a benefits plan governed by 29 U.S.C. § 1132 ("ERISA") and have breached their fiduciary duties pursuant to the same statute. CPA brings the present motion in an attempt to file a third-party complaint against Chris Soleau & Associates, LLC ("Soleau"). For the reasons described below, the Court agrees with CPA and GRANTS the Motion for Leave to File Third-Party Complaint.

    **I.**    **FACTUAL BACKGROUND**

Plaintiff brings this action as subrogee of Kelley Levine. In short, from February 22, 2019 through June 26, 2019, Ms. Levine was a patient at Plaintiff's facility. ECF No. 1 ¶ 6. Plaintiff alleges that it provided reasonable and necessary medical treatment to Ms. Levine. *Id*. Upon Ms. Levine's discharge from Plaintiff's facility, Plaintiff obtained an assignment of benefits from Ms.

Levine, allowing it to seek payment for the services provided directly from Defendants under ERISA. *Id.* ¶ 7. Upon filing its claim for repayment, however, Defendants denied the claim for various reasons. *Id.* ¶ 9-14.

Now, through the proposed third-party complaint, CMA attempts to implead Soleau. ECF No. 81. Specifically, the proposed third-party complaint alleges that Ms. Levine was at all relevant times the spouse of an employee of Mallory. ECF No 81-1 ¶ 11. At all times relevant to the dispute, Ms. Levine was insured by her spouse's benefit plan. *Id.* ¶ 21. While Ms. Levine was in the hospital, Mallory decided to retain a new third party administrator, as well as a new stop loss policy for the plan. *Id.* ¶¶ 23-24. As part of this process, UME indicated to Soleau that in order to be "bound" into the new stop loss plan, the premium had to be paid no later than December 31, 2018. *Id.* ¶ 25. Allegedly, it was Soleau's responsibility to make sure this premium was timely paid, which it failed to do, leading to denial of Plaintiff's claim for reimbursement. *Id.* ¶ 41.

Alternatively, CPA claims that Soleau failed to "supply accurate or complete information to UME regarding Ms. Levine's condition." *Id.* This alternate basis was also a reason for denial of Plaintiff's claim for reimbursement. *Id.* Thus, the third-party complaint alleges that to the extent CPA is found liable to Plaintiff, Soleau should be required to indemnify it for any losses it sustained. *Id.* ¶ 46.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Prior to examining the substance of the third party claims however, the Court must determine whether it has subject matter jurisdiction over the claims at issue. *Kyser v. Connecticut S. R.R.*, No. 3:13-CV-86 CSH, 2013 WL 3354425, at *3 (D. Conn. July 3, 2013). If

the Court has jurisdiction to hear the claim, then the claim must allege the third-party defendant is "liable secondarily to the original defendant" for some or all of the damages allegedly caused by the original defendant. *Bank Of India v. Trendi Sportswear, Inc*., 239 F.3d 428, 438 (2d Cir. 2000). Rule 14 is designed to "promote judicial economy by eliminating the need for a defendant to bring a separate action against a third party who may be secondarily liable to the defendant." *Homesite Ins. Co. v. Triangle Tube/Phase III Co. Inc*., No. 3:16-CV-650 (CSH), 2016 WL 6902397, at *2 (D. Conn. Nov. 23, 2016). Thus, on a motion to implead, the court should consider: "(a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted." *Hughes v. Target Brands, Inc.*, No. 3:17-CV-00270 (VAB), 2018 WL 2722460, at *2 (D. Conn. June 6, 2018).

### III.     DISCUSSION

Initially, the Court, as it must, examines whether it has subject matter jurisdiction to preside over the proposed third-party complaint. Here, both CPA and Soleau are residents of the state of Connecticut, thus the Court does not have diversity jurisdiction under 28 U.S.C. 1332. ECF No. 81-1, ¶¶ 9, 10. Further, the only claim alleged in the third-party complaint is for common law indemnification under the law of the state of Connecticut. Thus, the Court does not have federal question jurisdiction under 28 U.S.C. 1331. *Id*. ¶¶ 42-46. Nevertheless, "it is well-settled that a third-party action for indemnification comes within a court's ancillary jurisdiction." *Bank Of India* 239 F.3d at 436–37. Therefore, the Court has jurisdiction over the claims in the third-party Complaint.

3

Turning to whether the third-party complaint is appropriate to bring under Rule 14, it is clear that it is. CPA alleges that Soleau is liable to it for damages sustained by Plaintiff under a theory of indemnification, such that if CPA is found liable to Plaintiff, Soleau is liable to CPA for some or all of the damages it owes to Plaintiff. Such a claim is precisely the kind contemplated by Rule 14 and traditionally brought as a third-party action. *Hughes*, 2018 WL 2722460, at *2.

The other four factors also weigh in favor of granting the motion to implead Soleau. First, while this case has been pending for more than a year, the parties, including proposed third-party defendant Soleau, have been working diligently to reach a resolution. Thus, it was reasonable for CPA to wait to file the instant motion until it became clear such a resolution would not be reached. Additionally, the current trial ready date is August 8, 2022, and, while the third-party complaint will likely delay resolution of the case, it will not delay or complicate it so much as to outweigh the benefits of efficiency gained through the impleader. *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (E.D.N.Y. 1996).

Nor will granting the instant motion prejudice Plaintiff or Soleau. Plaintiff has consented to the instant motion. As for Soleau, Defendant represents that Soleau has been actively involved in the settlement negotiations up to this point. Thus, its inclusion in this litigation will not come as a surprise. Soleau should be able to expeditiously get up to speed on what is currently happening in the lawsuit. Further, depositions have not been completed and written discovery is still underway. ECF No. 82 at 1. Thus, Soleau would not be joining the case on the eve of trial. There remains plenty of time for Soleau meaningfully to participate in discovery and in the litigation as a whole.

Finally, the complaint states, "what appears to be, at this preliminary state, a viable claim for indemnification." *Hughes*, 2018 WL 2722460 at *2. In order to state a claim for

indemnification under Connecticut law, a party must allege "(1) the party against whom the indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and the resulting injuries and death; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent." *Smith v. City of New Haven*, 258 Conn. 56, 66, 779 A.2d 104, 110–11 (2001). Here, CPA alleges that it was the negligence of Soleau in not timely paying the plan premium and supplying inaccurate or incomplete information to UME regarding Ms. Levine's condition that led to Plaintiff's injury, rather than CPA's alleged negligence. CPA further alleges that Soleau was in full control of the situation; that it had no reason to anticipate Soleau's negligence; and that it in fact relied on Soleau not being negligent. Thus, it appears preliminarily, for purposes of the present motion, that CPA has stated a claim for indemnification.

### IV.     CONCLUSION

For the foregoing reasons, CPA's motion for leave to file third party complaint is GRANTED. CPA is directed to file and serve the third-party complaint no later than **March 22, 2022**. It is further ORDERED, the parties shall file an updated Rule 26(f) report, proposing a new schedule in light of the filing of the third-party complaint, no later than **April 5, 2022**.

**SO ORDERED** at Hartford, Connecticut, this 8th day of March, 2022.

                                             /s/ Sarala V. Nagala
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE